IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**ENOCH SMITH (a.k.a., "Rudy Slack"),**
**et al.,**

    **Defendants.**                                  **Case No. 05-cr-30133-07-DRH**

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

This Order addresses defendant Enoch Smith's (a.k.a. "Rudy Slack") Motion to Dismiss Indictment Because of Violation of the Speedy Trial Act (Doc. 289), to which the Government has responded in opposition (Doc. 304). Defendant Smith takes issue with several continuances of the trial date, asserting that the requisite "ends of justice" findings of **18 U.S.C. § 3161(h)(8)(A)** were not properly made and thus, the seventy days under the Act has expired. For the reasons discussed, defendant Smith's Motion (Doc. 289) must be denied.

### "Ends of Justice" Findings

Defendant advances two main arguments in his Motion asserting Speedy Trial Act violations. The first challenges an October 25, 2005 Order of the Court granting a trial continuance (Doc. 96). Initially, this Order did not incorporate the

"ends of justice" findings – but a later Order was entered on the record on September 6, 2006, which memorialized these findings (Doc. 230). Defendant challenges this continuance, arguing that the Court should have made the appropriate findings under **§ 3161(h)(8)(A)** in its initial October 25, 2005 Order; as it failed to do so, Defendant asserts that more than 70 days had elapsed by the time the Court entered its September 6, 2006 Order (Doc. 230).

Defendant's argument is unavailing. Recently, the Supreme Court of the United States held that **§ 3161(h)(8)(A)** "ends of justice" findings may be made on the record, at the very latest, "by the time a district court rules on a defendant's motion to dismiss . . . ." ***Zedner v. United States*, \_\_\_ U.S. \_\_\_, 126 S. Ct. 1976, 1989 (2006)**. The Seventh Circuit also adheres to this allowance. ***See United States v. Larson*, 417 F.3d 741, 746 (7th Cir. 2005);** ***United States v. Jean*, 25 F.3d 588, 595 (7th Cir. 1994);** ***United States v. Janick*, 723 F.2d 537, 544-45 (7th Cir. 1983)**.

In this case, the Court notes that the October 25, 2005 Order (Doc. 96) granting the continuance of trial from November 11, 2005 to March 13, 2006, was the only continuance Order which did not initially include "ends of justice" findings pursuant to **§ 3161(h)(8)(A)**. However, this does not mean that the District Judge did not make these findings "if only in [his] mind before granting the continuance." ***Zedner*, \_\_\_ U.S. at \_\_\_, 126 S. Ct. at 1989**. The specific statutory findings were thereafter memorialized on the record in the Court's Order, issued on September 6,

2006 (*see* Doc. 230 for the specific "ends of justice" findings).  Although the Court does not endeavor to routinely enter the findings *after* the continuance Order has been issued, the practice was, nevertheless, proper under current law.  These findings thereby tolled the speedy trial clock (as excludable time) from the date the Motion to Continue (Doc. 94) was filed, October 21, 2005, to the continued trial date of March 13, 2006.  As such, Defendant's argument in this regard fails, as there was no violation of the Speedy Trial Act caused by the October 25, 2005 Order (Doc. 96), as memorialized by the September 6, 2006 Order (Doc. 230).

### Findings Applicable to All Codefendants

Secondly, Defendant argues that several of the other Orders continuing trial did not contain specific "ends of justice" findings particularized to Defendant himself.  Such Orders, Defendant asserts, are also insufficient to toll the speedy trial clock.  The Seventh Circuit has upheld the notion that excludable time due to a codefendant's motion for continuance of trial can be ascribed to other codefendants. ***See, e.g., United States v. Mustread*, 42 F.3d 1097, 1106 (7th Cir. 1994); *see also* 18 U.S.C. § 3161(h)(7) (providing for excludable time of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted")**.  This is all the more applicable as Defendant failed to oppose any of the motions seeking continuances (prior to the Court's rulings) or to move for severance from his codefendants.

Aside from the two continuance Orders previously discussed in this Order (Docs. 96 & 230), the Court issued three other Orders continuing the trial date (Docs. 165, 183 & 218). Although defendant Smith did not move for any of these continuances himself, he also did not oppose them. Further, while these three Orders do not make specific reference to each of the remaining codefendants in discussing the Court's "ends of justice" findings, this is not required – moreover, Defendant fails to cite any supporting law for this argument. This is a complex conspiracy case, involving a large number of codefendants and voluminous discovery. A continuance necessary to one defendant in order to avoid a miscarriage of justice is also necessary and applicable to all remaining codefendants, as they should be tried together, absent a severance.

### Speedy Trial Clock Calculation

"In ruling on a defendant's motion to dismiss, the court must tally the unexcluded days." ***Zedner, ___ U.S. at ___, 126 S. Ct. at 1989***. The Court notes that the Government, in its Response, has submitted its calculation of excluded time (Doc. 304, p. 5 and Ex. 1). The Court is in agreement with the Government's tally that currently there are **zero (0) non-excludable days** to count against the speedy trial clock. An explanation of this calculation is listed below. The Court notes that because many of the continuance Orders created an "exclusion umbrella," it does not also list the various pretrial motions that were filed during those time periods, as time is already excluded pursuant to **§ 3161(h)(8)(A)**. Further, the Court has

already found that all Orders granting the various motions to continue trial were valid pursuant to the "ends of justice" requirement and therefore constitute excludable time.[1] Additionally, whereas the Government also notes excludable time due to pretrial motions and appearances *prior* to the last codefendant being arraigned, the Court shall not account for these exclusions in its explanation below. ***See Larson*, 417 F.3d at 746 n.1 (noting that the speedy trial clock begins to run when the last codefendant is arraigned)(citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995))**.

03/03/2006      Speedy Trial Clock begins to run when last codefendant, Shara Smith, is arraigned (Doc. 166). Thereafter, the Magistrate also enters a pretrial discovery order that same date (Doc. 168), allowing for ten (10) days time for parties to file pretrial motions.[2] **§ 3161(h)(1); *see also United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985)**.

03/13/2006      End of 10-day excludable time allowed per the Magistrate's Pretrial and Discovery Order (Doc. 168). [*Note, the 10-day excludable time from this Discovery Order (Doc. 168) overlaps with excludable time from a subsequent Motion to Continue Trial, described below (Doc. 178).*]

---

[1] In fact, the Court observes that the continuance Order at issue in Defendant's Motion (Doc. 96) does not even factor into the Court's excludable time calculation, as it occurred before the clock began to run.

[2] Additionally, this time was already under an "excludable umbrella" from the last Motion to Continue (Doc. 165), which was granted, continuing trial to June 26, 2006 (Doc. 165). However, if this is not deemed to be applicable excludable time, as it occurred prior to the last codefendant being arraigned, the time subsequent to Smith's arraignment is excludable due to the Magistrate's Pretrial and Discovery Order, which allowed 10 days of excludable time.

**03/09/2006**     Motion to Continue Trial (Doc. 178) by codefendant John Frost tolls speedy trial clock; Motion is granted by Order (Doc. 183) on 03/10/2006, continuing trial to 09/11/2006.  Time from filing of Motion, 03/09/2006, until new trial date of 09/11/2006, is excludable.  **§ 3161(h)(7)**; **§ 3161(h)(8)(A)**.

**08/04/2006**     Motion to Continue Trial (Doc. 217) by codefendant Richard Pittman tolls speedy trial clock; Motion is granted by Order (Doc. 218) on 08/07/2006, continuing trial to 01/22/2007.  Time from filing of Motion, 08/04/2006, until new trial date of 01/22/2007, is excludable.  **§ 3161(h)(7)**; **§ 3161(h)(8)(A)**.

For the reasons as discussed herein, Defendant's Motion to Dismiss Indictment Because of Violation of the Speedy Trial Act (Doc. 289) is **DENIED**.  Lastly, because the Court was able to adequately determine its rulings from the applicable law and the face of the pleadings, a hearing on Defendant's Motion is unnecessary.

**IT IS SO ORDERED.**

Signed this 11th day of January, 2007.

/s          David    RHerndon
**United States District Judge**