**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**RUDY SLACK,**

     **Defendant.**                   **Case No. 05-cr-30133-DRH-7**

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

## I.  INTRODUCTION

Before the Court is defendant Rudy Slack's Motion for Judgment of Acquittal after Jury Verdict (Doc. 446),[1] to which the Government responds in opposition (Doc. 448) and Slack replies to this response (Doc. 449).  Specifically, Slack moves pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 29(c)**, solely as to Count 1 of the Indictment (Doc. 1).[2]  The jury found Slack guilty on Counts 1, 6 and 7 of the Indictment (Docs. 424, 427 & 428).  The specific charges were as follows:

---

[1]  The Court also notes it previously granted an extension of time for Slack to file this Motion (*see* Doc. 441).

[2]  In its Response, the Government observes Slack's prayer for relief also asks for acquittal on Count 6.  In his Reply, Slack states that inclusion of Count 6 in the prayer for relief was inadvertent, and he seeks acquittal only on Count 1, as he intends to file a motion pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 33** regarding Count 6.  So the Court will only address his request for acquittal for Count 1.

Count 1 - conspiracy to knowingly and intentionally manufacture, distribute, and possess with intent to distribute cocaine and a mixture or substance containing cocaine base, in the form of, or commonly known as "crack" cocaine, in violation of **21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(A),** and **21 U.S.C. § 846.**

Count 6 - knowingly and intentionally distributing diverse amounts of a mixture or substance containing cocaine, in violation of **21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C).**

Count 7 - knowingly and intentionally distributing a mixture or substance containing cocaine base, in the form of, or commonly known as, "crack" cocaine, in violation of **21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(B).**

Regarding the jury's finding of "guilty" on Count 1, the Special Verdict did not find Slack guilty of conspiring to distribute 500 grams or more of a mixture or substance containing cocaine base (Doc. 425). However, in a separate Special Verdict also regarding Count 1, the jury *did* find Slack guilty of conspiracy to distribute 5 grams or more, but less than 50 grams, of a mixture or substance containing cocaine base, in the form of, or commonly known as, "crack" cocaine (Doc. 426). There was no Special Verdict rendered by the jury regarding the charges against Slack stated in Count 6. As to Count 7, the Special Verdict found Slack guilty of knowingly and intentionally distributing five grams or more of a mixture or substance containing cocaine base, in the form of, or commonly known as, "crack" cocaine. Slack awaits sentencing for his conviction, as well as resolution of his pending post trial motions.

## II. <u>LEGAL STANDARD</u>

Slack challenges the jury's finding of guilty on Count 1 of the Indictment (conspiracy) and moves for an acquittal of this charge, pursuant to **Rule 29(c)**.  In other words, Slack does not believe sufficient evidence was presented to connect him to the conspiracy beyond a reasonable doubt.

A motion for judgment of acquittal made after trial, pursuant to **FEDERAL RULE OF CRIMINAL PROCEDURE 29(c)**, does not allow a district court judge "to play thirteenth juror" by substituting his or her own views on the evidence for that of the jury.  ***United States v. Genova*, 333 F.3d 750, 757 (7th Cir. 2003) (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 2A FEDERAL PRACTICE & PROCEDURE § 467 (3d ed. 2000))**.  Only the jury may "determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences." ***United States v. Hagan*, 913 F.2d 1278, 1281 (7th Cir. 1990) (citations omitted)**. Therefore, on review, the Court "must view all evidence in the light most favorable to the prosecution," ***United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999)**, and may only acquit the moving defendant if there is "relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt." ***United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989) (alteration in original) (citation omitted)**.

### III.  DISCUSSION

Slack does not challenge the existence of the conspiracy to manufacture, possess and distribute cocaine and crack cocaine.  Instead, Slack challenges the sufficiency of the evidence showing his participation in the conspiracy.  Under the charging statute, **21 U.S.C. § 846**, to show a conspiracy, there must be an agreement in existence "between two or more individuals, with the intent to commit an offense in violation of the Controlled Substance Act."  ***United States v. Lamon***, **930 F.2d 1183, 1190 (7th Cir. 1991) (quoting *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir. 1982))**.  To prove Slack was guilty of participation in the conspiracy, the Government must show Slack "(1) knew of the conspiracy, and (2) intended to associate himself with the criminal scheme." ***Id.* (citing *United States v. Sullivan*, 903 F.2d 1093, 1098 (7th Cir. 1990))**.  What is unnecessary is for the Government to prove Slack knew the identity of each co-conspirator or every detail of the conspiracy.  ***Id.* at 1191 (citing *Sullivan*, 903 F.2d at 1098)**.

The Government may use circumstantial evidence to support a conviction for conspiracy, even if the evidence is solely circumstantial.  ***United States v. Durrive*, 902 F.2d 1221, 1229 (7th Cir. 1990)**.  A "reasonable inference" of Slack's participation in the conspiracy may be drawn from "'the relationship of the parties, their overt acts and the totality of [defendants'] conduct . . . .'" ***Lamon*, 930 F.2d at 1191 (quoting *United States v. Redwine*, 715 F.2d 315, 320 (7th Cir. 1983), *cert. denied*, 467 U.S. 1216, 104 S. Ct. 2661 (1984))**.

However, "the existence of a mere buyer-seller relationship alone is insufficient to support a conspiracy conviction." ***United States v. Kimmons*, 917 F.2d 1011, 1015 (7th Cir. 1990)**.

Slack's first attack on the sufficiency of the evidence connecting him to the charged conspiracy deals with telephone calls to co-conspirator, Richard Pittman.  Richard Pittman and Slack are half-brothers, sharing the same mother. Specifically, the Government, in its closing argument, offered proof of Slack's participation in the conspiracy through two telephone calls from Slack to Pittman (Doc. 446, p. 4, referencing Gov. Trial Exs. 15 & 16).  Federal agents, pursuant to a wiretap order, had recorded these calls, which, when played during trial, revealed Slack warning Pittman that the police were in the area.  Slack contends that these calls were merely to warn Pittman about the police because Pittman did not have a driver's license; the calls were in no way related to the conspiracy.

The Government, on the other hand, asserts that Slack provided "valuable police surveillance information which enabled other members of the conspiracy to continue the unlawful business of the conspiracy" (Doc. 448, p.3).  The Government also notes that Slack attended the Pittman family reunion in 2002.  The evidence showed the conspiracy came into existence during this family reunion. There were other recorded telephone calls between Slack and Richard Pittman, some of which were about drugs.  Although Slack asserts these calls were only discussing marijuana (citing Gov. Trial Exs. 17, 36, 37, 38 and 40), the Government argues there was a likelihood that these calls were also about cocaine.  Slack also points to

testimony of both Richard Pittman and Tamiesha Williams (Pittman's girlfriend) to support his argument.   Pittman testified that Slack was not involved in the conspiracy; Williams testified that she was not aware of Slack being involved.

Ultimately, Slack asserts that there is no evidence to support the jury's inference that he participated in the conspiracy.  Yet, the Court must first take note that the jury *did* find Slack guilty of participating in the conspiracy.  So, when viewing the evidence in the light most favorable to the Government, the Court must determine whether a reasonable juror could have found beyond a reasonable doubt that Slack participated in the conspiracy.  Keeping in mind a reasonable juror can draw an inference of guilt solely via circumstantial evidence, such as the relationship of the parties and the totality of their actions, the Court finds no reason to grant an acquittal in regard to this evidence.

Slack and Pittman were half-brothers; both admitted to being involved in the "drug game" for years.  The wiretap revealed numerous telephone calls between the two half-brothers discussing drugs of some sort.  Slack made two calls to warn Pittman that police were in the area, during a time when law enforcement was cracking down on the drug activity occurring in Alton, Illinois (where both Pittman and Slack lived prior to Pittman relocating to Atlanta, Georgia, because Alton got "too hot").  Although the jury was free to believe Slack's assertion that he was calling to warn because Pittman was driving without a license, it appears the jury instead believed the calls were made to warn Pittman regarding his distribution of illegal drugs.  It was reasonable for the jury to find Slack made these calls in an

attempt to safeguard or further the conspiracy.   Thus, the totality of these circumstances could lead a reasonable juror to find beyond a reasonable doubt that Slack participated in the conspiracy.

Although Pittman testified that Slack was not involved, the jury may not have found his testimony believable.   The jury may have construed Pittman's statements of Slack's noninvolvement as an attempt to protect his half-brother; Pittman had already pled guilty.   The fact that Pittman's girlfriend, Tamiesha Williams, testified she was unaware of Slack's participation in the conspiracy is also not enough, as the Government does not have to show all co-conspirators knew the identity of all other co-conspirators.   **See United States v. Townsend**, 924 F.2d **1385, 1389 (7th Cir. 1991)**.   Simply because Williams was unaware of Slack's involvement does not unequivocally mean he was *not* a member of the conspiracy.

The jury's finding of Slack's guilt on the conspiracy charge will not be disturbed, as the Court finds there was sufficient evidence upon which the jury could base its finding.   Slack's further arguments regarding inconsistent special jury verdicts and mere buyer-seller transaction are also unavailing, as the Government need not have shown Slack was connected to a specific amount of drug sales.   The Government only needed to show evidence for the jury to find beyond a reasonable doubt that Slack joined with his co-conspirators (namely, Pittman) to further the unlawful purpose of the conspiracy.   The movant seeking acquittal has a very high burden, which, in this instance, has not been met.   **United States v. Muskovsky,**

**863 F.2d 1319, 1322 (7th Cir.1988)**.

## IV.  CONCLUSION

For the reasons discussed herein, Slack's Motion for Judgment of Acquittal after Jury Verdict (Doc. 446) is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed this 15th day of May, 2007.

/s/          David   RHerndon
**United States District Judge**